### APPEAL OF OLT BROS. BREWING CO.

Docket No. 1392.    Promulgated April 22, 1927.

Obsolescence of intangible assets disallowed.

*W. W. Spalding, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the Commissioner.

This appeal involves a deficiency in income and profits taxes for the calendar year 1919, amounting to $10,158.43, based upon the disallowance of a deduction of $74,193.62 as obsolescence of good will and trade brands.

#### FINDINGS OF FACT.

The taxpayer is an Ohio corporation, with its principal office at Dayton. It was organized in March, 1912, as the successor of the Olt Brewing Co., a corporation, which was organized in November, 1906, and which began the business of brewing and selling beer and ale in August, 1907.

The capitalization of the predecessor corporation was $60,000, of which Charles J. Olt and his brothers and father owned $30,000 par value of stock.

In November, 1910, Charles J. Olt and his brother entered into negotiations for the purchase of the other half interest in the Olt Brewing Co. and in 1912 purchased the same, paying therefor the amount of $175,000, $50,000 in cash and $125,000 in notes, which notes were later paid in full.

In March, 1912, all of the assets of the Olt Brewing Co. were transferred to the taxpayer corporation in accordance with and pursuant to the following offer dated March 14, 1912:

The OLT BROS. BREWING COMPANY,
    Dayton, Ohio.
GENTLEMEN:
    We hereby offer to assign, transfer, sell and convey to your Company all of the assets of The Olt Brewing Company consisting of all of its real estate, brewery, brewery property, machinery and equipment, bottling department, bottling machinery and equipment, bottles, cooperage, horses, wagons, harness

and stable equipment, motor trucks for delivery, book accounts, bills and notes receivable secured and unsecured together with the securities therefor, choses in action, raw and manufactured material on hand at this date as well as all contracted for, good will, trade marks, leases and in fact every and all of the assets of the said The Olt Brewing Company in consideration of your Company executing and delivering to the undersigned Eighteen Hundred (1800) shares of the capital stock of your Company as fully paid up and non-assessable together with One Hundred and Fifty Thousand ($150,000) Dollars worth of your first mortgage bonds: Said bonds to be of the denomination of One Thousand Dollars and to be in serial number and fifteen (15) of them to be retired each year in succession for ten (10) years and to draw six (6%) per cent per annum interest payable semiannually and the trust deed or mortgage securing the same to be in manner and form to be approved by our Attorney, George W. Ozias, Esq.; in addition, to the said stock and bonds aforesaid, your Company is also to assume a current indebtedness of our Company not exceeding $33,950.00.

Yours truly,

THE OLT BREWING COMPANY.
(Signed)　CHARLES J. OLT, Pres.
(Signed)　FRED OLT, Sec'y & Treas.

After that transfer the balance sheet of the taxpayer representing the assets so assigned was as follows:

| Assets: | | Liabilities: | |
|---|---|---|---|
| Cash | $7, 382. 24 | Capital stock | $180, 000. 00 |
| Notes receivable | 2, 359. 30 | Bonds | 150, 000. 00 |
| Real estate | 109, 794. 03 | Notes payable | 72, 938. 80 |
| Equipment | 124, 348. 71 | Accounts payable | 31, 217. 41 |
| Stock and materials | 25, 051. 75 | | |
| Accounts receivable | 16, 026. 56 | | |
| Good will | 149, 193. 62 | | |
| | 434, 156. 21 | | 434, 156. 21 |

The business expanded after March, 1912, and the assets had not diminished in value by March 1, 1913. The bonds of the taxpayer in the amount of $150,000 so transferred to the predecessor corporation were sold at par during 1912.

The taxpayer manufactured and sold beer and ale up to May 26, 1919, when it ceased, that date being the effective date of the Ohio prohibition law. Up to that date, the taxpayer had used in its business the trade brands " Olt's Superba " applied to beer, and " Olt's Cream Ale " applied to ale, and had sold at wholesale in barrel lots to about 100 saloons and bottled goods in case lots to about 5,000 retail customers or home buyers.

After May 26, 1919, the taxpayer abandoned those trade brands as not adaptable to the business in which it thereafter engaged, which was that of making and selling ginger ale, root beer, other carbonated beverages, and cereal beverages (commonly known as " near beer "). For the cereal beverage the taxpayer used the name " Olts " and the label used was not the same in appearance or design as those formerly used for beer and ale.

By the end of 1919 not more than five or six of the former wholesale customers remained, and the same class of customers did not buy the new product as did the old.

The gross and net income of the business for the years set out below was as follows:

| Year. | Gross income. | Net income. | Deficit. |
|---|---|---|---|
| 1909 | $144,072.63 | $44,557.28 | |
| 1910 | 193,877.76 | 58,706.89 | |
| 1911 | 214,391.73 | 54,642.38 | |
| 1912 | 170,299.97 | 17,726.30 | |
| 1913 | 275,857.68 | 49,781.19 | |
| 1920 | 70,594.16 | | $2,000.14 |
| 1921 | 74,504.72 | 170.23 | |
| 1922 | 72,219.11 | 6,195.32 | |
| 1923 | 61,109.06 | 1,699.51 | |
| 1924 | 59,359.17 | | 3,550.32 |

The value of the good will, including trade-marks and trade brands, on March 1, 1913, was $169,193.62.

OPINION.

TRAMMELL: The deduction claimed on account of obsolescence of intangible assets is disallowed upon the authority of the Board's decision in *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 952.

*Judgment will be entered on 15 days' notice, under Rule 50.*